**In re MIRAMAR MALL LIMITED PARTNERSHIP, a California limited partnership, Debtor.**

**Richard M. KIPPERMAN, Trustee, Plaintiff,**

v.

**Ibrahim YOUSIF, Defendant.**

**Bankruptcy No. 90–06948–A7. Adv. No. 92–90128–A7.**

United States Bankruptcy Court, S.D.California.

April 1, 1993.

Eric V. Benham, Sullivan, Delafield, McDonald, Allen & Middendorf, San Diego, CA, for U.S. Trustee and debtor's Trustee.

Craig E. Dwyer, San Diego, CA, for plaintiff.

Richard Kipperman, Trustee, La Mesa, CA.

## MEMORANDUM DECISION

LOUISE DeCARL ADLER, Bankruptcy Judge.

This matter is before the Court on the summary judgment motion brought by RICHARD M. KIPPERMAN, the Chapter 7 Trustee ("trustee") of the estate of MIRAMAR MALL LIMITED PARTNERSHIP ("debtor"), against IBRAHIM YOUSIF ("Yousif"), debtor's general partner. The trustee's adversary complaint seeks to collect estate deficiencies from Yousif pursuant to 11 U.S.C. § 723(a).

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157, and the matter is a core proceeding under § 157(b)(2)(A) and (O).

## FACTS

Debtor is a limited partnership, formerly owner and operator of a cold storage facility in San Diego, California. According to debtor's schedules, from June 1984 through January 23, 1989, Frank Najjar was the sole general partner. Yousif became the sole general partner on January 23, 1989.

Debtor filed its petition under Chapter 11 on August 15, 1990. The case was converted to one under Chapter 7 on August 19, 1991. Upon initial filing, HomeFed Bank ("HomeFed") held a first deed of trust on the debtor's real property and Wells Fargo Bank held a junior interest. Debtor incurred both debts prior to Yousif becoming the general partner.

Pursuant to an order for adequate protection entered in November 1990, all rents from the property, less ordinary and necessary operating expenses and payments to HomeFed, were sequestered in an interest bearing account. The property was subsequently sold to HomeFed on a credit bid, and HomeFed proceeded against its additional security by demanding turnover of the accumulated rents maintained in the sequestered account. The trustee and HomeFed entered into a stipulation, approved by this Court October 4, 1991, for turnover of the sequestered cash collateral less the trustee's claim for fees and costs, pursuant to § 506(c). The trustee turned over the net amount of $58,650.

The trustee has liquidated all the assets of the debtor. The parties stipulate that the only remaining asset of the estate is the trustee's right to recover deficiencies against the general partners. Further, Yousif contends he has a right to recover the rents paid to HomeFed. For the summary judgment motion, the parties stipulated that only the following three issues remain:

1. Whether Yousif is liable to the trustee for claims incurred prior to his becoming general partner of the debtor;

2. Whether Yousif is entitled to an offset for the rents paid to HomeFed Bank in the sum of $58,650.00; and,

3. Determination of the amount of the deficiency for which Yousif is to be held liable.

At the hearing on the motion this Court ruled that Yousif is liable for only those debts incurred by the partnership after he became general partner and he is not entitled to an offset for the rents paid to HomeFed Bank. Further, the Court limited the trustee's fees for which Yousif is liable to a percentage based on the deficiency amount payable by Yousif. This opinion is issued for the purpose of discussing the effect of the ruling on the distribution of the recovered deficiency amount to the remaining creditors of the estate.

## DISCUSSION

Section 723(a) of the Bankruptcy Code ("Code") provides:

> If there is a deficiency of property of the estate to pay in full all claims which are allowed in a case under this chapter concerning a partnership and with respect to which *a general partner of the partnership is personally liable,* the trustee shall have a claim against such general partner for the full amount of the deficiency.

11 U.S.C. § 723(a) (emphasis added).

▮ The Code does not define or interpret "claims ... with respect to which a general partner of the partnership is personally liable," nor is there a body of federal law on partnerships. Therefore, we must look to state law. In California, partnership law is contained in the California Corporations Code ("CCC"), under the Uniform Partnership Act at Section 15000 *et seq.* At § 15015, the CCC provides that "All partners are liable ... jointly and severally for everything chargeable to the partnership under Sections 15013 and 15014 ..." and "[j]ointly for all other debts and obligations of the partnership ..." Cal. Corp.Code Ann. § 15015 (West 1991). But, where a partner has not been with the partnership from inception, the CCC provides:

> A person admitted as a partner into an existing partnership is liable for all the

obligations of the partnership arising before his admission as though he had been a partner when such obligations were incurred, *except that this liability shall be satisfied only out of partnership property.*

Cal.Corp.Code Ann. § 15017 (West 1991) (emphasis added).

Yousif was substituted as the sole general partner in January 1989. Based on California law, debts which arose before his admission may be "satisfied only out of partnership property." *Id.* Here, the partnership property has been fully liquidated and the only remaining asset is the trustee's claim against the partners. Therefore, since the partnership property has been depleted, Yousif may only be held personally liable for the remaining estate claims which arose after he was admitted to the partnership.

The trustee acknowledged that this section of the CCC, and the lack of any bankruptcy cases dealing with our factual situation, tend to indicate Yousif should not be liable for the portion of the estate deficiency created by debts incurred by the partnership before January 1989. Nevertheless, the trustee argued that Yousif should be held liable rather than create complex questions about how to distribute the amount recovered: Should all unsecured creditors share pro rata? Should some unsecured creditors be allowed full recovery while those whose claims pre-date this partner go unpaid? Or, if claims entitled to priority were incurred before Yousif became general partner, do those claims still get preference? Or do they go unpaid while non-priority unsecured claimants are paid in full?

Since we find that state law dictates Yousif not be held personally liable for partnership debts which pre-date his joining the partnership, we are left to determine how to distribute the amount of deficiency recovered.

The Code addresses distribution of property of the estate in a chapter 7 at § 726. Generally, claims are classified and paid based on the priority established there; and within a particular subsection the claims are to be paid pro rata. 11 U.S.C. § 726(a) and (b). The Code provides special distribution rules relating to the claims of a partnership trustee in the bankruptcy of a general partner at § 723(c) but is silent about how to determine the order of payment to creditors when the general partner is not in bankruptcy. Because Yousif is not a general partner in bankruptcy, § 723(c) does not provide guidance and we must look elsewhere in the Code.

The most closely analogous situation addressed in the Code is the special marshalling and distribution rules relating to cases in which an estate contains both community property and separate, or non-community, property. 11 U.S.C. § 726(c). Section 726(c) specifically speaks to distribution to unsecured creditors "if there is property of the kind specified in section 541(a)(2) of this title, or proceeds of such property, in the estate." 11 U.S.C. 726(c). Section 541(a)(2) property consists of "[a]ll interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is ..." under management or control of the debtor or partially or totally liable for an allowable claim against the debtor. 11 U.S.C. 541(a)(2).

Section 726(c) requires that community property be segregated from other property in the estate. It sets forth special marshalling rules, which "create four 'subestates' out of which only certain specific claims are to be paid." Bankruptcy Service, L.Ed. § 10.129. The four subestates consist of: 1) Community property which is available for payment of community claims; 2) community property which is solely liable for claims against the debtor; 3) separate or non-community property which is available for satisfaction of separate claims and any community claims unpaid from the first two subestates; and 4) remaining property of the estate. *Id.*

This Court believes a similar method of segregating and distributing property should be applied in this case. We have adapted the community property marshalling rules to our factual situation. *See* Exhibit "A", attached. The amount of deficiency recovered from Yousif, based on

his obligation under state law, should be segregated from the amount of deficiency for which a prior general partner could be held liable. After the payment of some or all of the administrative claims, the trustee should pay the claims arising from partnership obligations for which Yousif could be held personally liable under California law.[1] 11 U.S.C. 723(a). A portion of administrative expenses and all "pre-Yousif" claims should be paid from any deficiency recovered from the prior partner.

■ The trustee asks the Court to determine the exact amount for which Yousif is responsible. The exact number is not easily calculable, but may be ascertained by using the following formula:

| Amount of estate's deficiency in assets to pay claims arising after Yousif became general partner | plus | Allocation of administrative claims not recoverable from other sources (including percentage amount for trustee's disbursement to creditors to whom Yousif is liable) | = Yousif's obligation |
| --- | --- | --- | --- |

Since we hold that Yousif is not responsible for the estate's deficiency in assets available to pay claims incurred by the partnership before January 23, 1989, the deficiency recovered from him is to be segregated, distributed first to administrative claims, including trustee fees based on the distribution of the amount of deficiency recovered, and then to only those claims incurred after Yousif became general partner.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to FRBP 7052. The trustee's counsel is directed to prepare an order in conformance with this Memorandum Decision within 10 days from its entry.

---

1. If funds cannot be recovered from any other general partner, Yousif's obligation to the estate will include payment of *all* unpaid administrative claims.

EXHIBIT A

## Marshalling of Deficiencies
## Miramar Limited Partnership

Partnership Property

Administrative and estate claims

Unpaid priority and unsecured claims incurred while Yousif was general partner

Unpaid administrative claims

Unpaid priority and unsecured claims incurred before Yousif was general partner

Deficiency recovered from Yousif

Deficiency recovered from other general partner