**In re CS ASSOCIATES, d/b/a University Nursing & Rehabilitation Center, Debtor.**

**Mitchell W. MILLER, Trustee, Plaintiff,**

**v.**

**Eugene SPITZ, M.D. and Raymond Silk, M.D., Defendants.**

**Bankruptcy No. 88–12842S.
Adv. No. 93–0472S.**

United States Bankruptcy Court,
E.D. Pennsylvania.

July 29, 1993.

Mitchell W. Miller, Miller & Miller, Philadelphia, PA, trustee.

D. Ethan Jeffery, Ciardi, Fishbone & Di-Donato, Philadelphia, PA, for trustee.

J. Scott Victor, Adam H. Isenberg, Saul, Ewing, Remick & Saul, Philadelphia, PA, for defendant Raymond Silk, M.D.

Robert J. Bush, Media, PA, for defendant Eugene Spitz, M.D.

Frederic Baker, Philadelphia, PA, Asst. U.S. Trustee.

## MEMORANDUM

### DAVID A. SCHOLL, BANKRUPTCY JUDGE.

MITCHELL W. MILLER, ESQUIRE ("the Trustee"), appointed as Trustee of CS ASSOCIATES ("the Debtor") upon the conversion of this case, filed as a voluntary Chapter 11 bankruptcy case on August 15, 1988, to a Chapter 7 case on April 25, 1990, commenced the instant proceeding on June 8, 1993, against EUGENE SPITZ, M.D. and RAYMOND SILK, M.D. ("the Defendants"), two of three general partners of the Debtor,[1] to recover alleged deficiencies of the Debtor's estate of several million dollars, pursuant to 11 U.S.C. §§ 723(a), (b).[2] The Debtor, prior to the bankruptcy filing and for some time thereafter in Chapter 11, operated a nursing home in tandem with a hospital owned by the same doctor-partners, which is also a debtor in a case commenced under Chapter 11 of the Bankruptcy Code on January 4, 1988, and converted to Chapter 7 on January 23, 1990, *In re University Medical Center*, Bankr.No. 88–00003S (referenced hereafter as "UMC" or "the *UMC* Case").

On July 9, 1993, the deadline for filing a responsive pleading in this proceeding, the Defendants each filed Motions to Dismiss this action ("the Motions") on the ground that it was barred by the statute of limitations contained in 11 U.S.C. § 546(a)(1), which provides as follows:

**§ 546. Limitations on avoiding powers**

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

The Defendants argued that a link between § 723(b) and § 546(a)(1) is provided by a number of authorities which state that

a § 723 claim is a chose in action which can only be asserted under § 544. *See In re Downtown Investment Club III*, 89 Bankr. 59, 65 (9th Cir.B.A.P.1988) (trustee's claim under § 723(a) is a chose in action to be asserted under Bankruptcy Code § 544(a)); *In re Bell & Beckwith*, 112 B.R. 863, 868 ([Bankr.] N.D.Ohio 1990) (trustee's claim under § 723(a) is a chose in action to be asserted under § 544(a)); *In re Golden H Packing Co.*, 11 Bankr. 111, 114 ([Bankr.] D.Nev.1981) ("The remedy or claim for relief of the trustee in bankruptcy under 11 U.S.C. § 723 against a partner is a chose in action on which the trustee can proceed under 11 U.S.C. § 544"); *In re Diversified Investors Fund [XVII]*, 9[91] Bankr. 559, 561 ([Bankr.] C.D.Cal.1988) (§ 723(a) is a chose in action to be asserted under Bankruptcy Code § 544(a)); L. King, 4

---

**1.** The third partner, Dr. Nicholas Canuso, has filed his own personal bankruptcy case in New Jersey, and, consequently, any actions against him are stayed.

**2.** These Code sections provide as follows:

**§ 723. Rights of partnership trustee against general partners**

(a) If there is a deficiency of property of the estate to pay in full all claims which are allowed in a case under this chapter concerning a partnership and with respect to which a general partner of the partnership is personally liable, the trustee shall have a claim against such general partner for the full amount of the deficiency.

(b) To the extent practicable, the trustee shall first seek recovery of such deficiency from any general partner in such partnership that is not a debtor in a case under this title. Pending determination of such deficiency, the court may order any such partner to provide the estate with indemnity for, or assurance of payment of, any deficiency recoverable from such partner, or not to dispose of property....

*Collier on Bankruptcy,* ¶ 723.02, p. 723–3 (15th ed. 1993) ("The rights of the partnership trustee under section 544(a) of the Bankruptcy Code are only on this chose in action and are not on the partner's property directly[.]") ["Collier"]; 3 *Cowan's Bankruptcy Law and Practice* § 15.4 (1989 ed.) ("A court has regarded the trustee's right under Section 723 as a right under Section 544 rather than a separate sui generis sort of right and subject to the limitations of Section 544,") ["Cowans"]; *Bankruptcy Service,* Lawyers Edition § 38:54 ["L.Ed."]. *See also [In re] Barton & Ludwig,* 37 Bankr. 377 ([Bankr.] N.D.Ga.1984) (applying § 544 to a § 723 claim).

Memorandum of Law in Support of Motion of Defendant Raymond E. Silk to Dismiss, at 2–3.

Pursuant to an Order of July 9, 1993, entered after a colloquy with interested counsel of July 8, 1993, at which we considered (and denied) a motion of the Trustee, pursuant to 11 U.S.C. § 723(b), to require the Defendants to post indemnification pending the outcome of the trial, scheduled on July 27, 1993, the Trustee filed a response to the Motions on July 23, 1993. He argued that all of the above-quoted references address the relationship of § 723 and § 544 only in passing and in dicta. He then cited from legislative history which indicates that § 723 was enacted to provide a trustee of a partnership with rights in addition to those under applicable state partnership law, and hence *beyond* those provided in § 544. *See* H.R.REP.NO. 95–595, 95th Cong., 1st Sess. 196–203 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787 (hereinafter "the Report"). Thus, he contends that § 546(a)(1) does not apply to the instant proceeding.

At the outset, we deem it important to analyze the role of § 546(a)(1), as we did in *In re Numedco,* 1991 WL 204908, slip op. at *1, and *In re Frascatore,* 98 B.R. 710, 718–19 (Bankr.E.D.Pa.1989). In these cases, we held that § 546(a)(1) is a "statute of repose" which bars actions within its scope commenced by a trustee (or a debtor who steps into the trustee's shoes via

§ 544) more than two years after the trustee's appointment. *Id.* We also held that the limitation period of § 546(a)(1) exists in addition to any applicable limitations arising from a specific Code provision itself or any other applicable state law or other non-bankruptcy law. *See id.*

The Defendants are not arguing that this proceeding is barred by any limitation period arising from the specific Code section in issue (§ 723) itself. Indeed, no limitation period appears in § 723. Nor, in their Motions, do the Defendants suggest that any limitation period is either directly applicable or can be borrowed from state law or other applicable non-bankruptcy law. Rather, at least at this juncture, the Defendants' argument is confined to a contention that the Trustee is barred solely by § 546(a)(1). To reach this conclusion, we must find that § 723 actions are definitely within the scope of § 544(a) actions and for that reason are necessarily subject to § 546(a)(1), and are absolutely barred if filed beyond the two-year period established in the latter Code section.

None of the authorities cited by the Defendants so hold. Only *Bell & Beckwith, supra; Downtown Investment Club, supra;* and *Golden H Packing, supra,* discuss the interplay of §§ 723 and 546(a) in the context of limitations. Moreover, *Bell & Beckwith* and *Downtown Investment Club* reject defendants' arguments that the matters should be dismissed on the respective grounds that a shorter limitation period and another procedural defect bar relief. *Golden H Packing* holds that a trustee is barred by limitations because his cause of action was otherwise barred by applicable state law.

All three of these cases and the other pertinent cases cited by the Defendants in turn cite to Collier's statement quoted at page 756 *supra.* However, this statement merely expresses what Collier believes is the source of the trustee's rights under § 723. Collier offers no indication that this statement is made to render the limitations provisions of § 546(a)(1) applicable to § 723

actions. Finally, no authority supporting its quoted statement is cited by Collier.[3]

The pertinent passage from Cowans merely references the holding in *Golden H Packing* without endorsing it. We have located no reference to the relationship between §§ 723 and 544 in the L.Ed. passage cited.

In sum, the authorities cited do not provide more than a series of comments and dicta which do not support the conclusion that § 723 actions are within the scope of § 544(a) with precision, precedent, or persuasive reasoning.

As the Trustee argues, § 546(a) makes specific reference to several Code sections to which it applies, but not to § 723. Nor does any wording in §§ 544 and 723 link these two Code sections together.

Intuitively, there is good reason to distinguish actions under §§ 544, 545, 547, 548, and 553, which *are* referenced in § 546(a), on one hand, from actions under § 723 on the other hand. The former usually involves causes of actions against third parties which arise from their pre-petition actions in reference to the debtor. *Compare In re 31–33 Corp.*, 100 B.R. 744, 747 (Bankr.E.D.Pa.1989) (general limitation for challenging post-petition transfers is controlled by 11 U.S.C. § 549(d), which bars actions commenced two years after the transfer in issue, not two years after the trustee's appointment). The policy expressed in § 546(a) is that the trustee should be able to sort out pre-petition causes of actions, which have necessarily clearly accrued prior to his appointment, and other actions which may accrue prior to a trustee's appointment, within two years from that appointment. However, a § 723 action cannot accrue until after a trustee has been appointed and determines that a deficiency in assets exists, for which a claim can be made against the partners. A trustee may be unable to do this until some considerable time after his appointment.

We note that the trustee in the *UMC* Case virtually abandoned an action similar to the instant proceeding against the same partners in Adv.No. 93–0182S, accepting but $10,000 in lieu of pursuing a claim against them for several million dollars. It is also true that this settlement was apparently reached in the face of this court's articulated skepticism, at an oral argument on similar motions to dismiss that proceeding, that the trustee in that case could

---

**3.** At oral argument on the Motions on July 27, 1993, the Defendants suggested that this statement in Collier is a paraphrase of the following commentary of the original versions of §§ 723 and 544, contained in the Report, *supra*, at 199–200, U.S.Code Cong. & Admin.News 1978, p. 6160:

> Thus the court may use 11 U.S.C. 105 to enjoin creditors of the partner from levying on the partners property or from obtaining liens thereon. This may need to be done because the judicial lien of the partnership's trustee under 11 U.S.C. 544(a) does not extend to property of the partners. *Section 40 of the Uniform Partnership Act gives the partnership a right to compel contributions from the partner's [sic], but the lien under 11 U.S.C. 544(a) is only on the chose in action, not on the property directly.* The chose in action passes to the estate of the partnership under 11 U.S.C. 541(a), and an additional action on behalf of partnership creditors against the partners will usually lie under 11 U.S.C. 544(c). However, these rights are not self executing; the trustee in a chapter 7 or 11 case may choose whether to initiate an action for recovery. In this connection it is impor-

tant to note the difference between the rights of action being discussed. Under 11 U.S.C. 723(b), the partnership trustee may recover any deficiency from a general partner that is not a debtor in a case under title 11 and may assert against a partner that is a debtor in a case under title 11 the full amount of claims concerning the partnership. Under 11 U.S.C. 541(a) the partnership trustee may enforce the chose in action under section 40 of the Uniform Partnership Act to the extent of any deficiency on whether or not the partner is a debtor in a case under title 11. Under 11 U.S.C. 544(c) the trustee of a partnership may enforce the partnership creditors' cause of action against a partner whether or not the partner is a debtor in a case under title 11. Whether the cause of action is for the deficiency or for the full amount of allowed claims concerning the partnership depends on local nonbankruptcy law.

It is not clear to us why the reference in this passage to § 544(a) was deemed appropriate. The passage is rendered obsolete by amendments to § 723 in 1984, and the failure of Congress to ever adopt a § 544(c). More significantly, this passage makes no reference to any applicable limitations period.

avoid dismissal of his action on the grounds of the running of limitations. However, this court never ruled on the limitations issue. The instant Trustee, unlike the *UMC* trustee, took up this court's challenge to question the applicable authority quoted at pages 756–57 *supra*. Furthermore, in the *UMC* Case, there was, unlike here, no sale of assets or significant insurance recoveries which generated considerable income for the Debtor's estate. The time when the trustee determined, or reasonably should have determined, that a deficiency which could serve as the basis of a § 723 claim should therefore certainly have occurred earlier in the somewhat older *UMC* Case than in this case. Therefore, it seems clear that the § 723 cause of action accrued earlier in the *UMC* Case than in this case. That fact may support a different result in these two cases.

This court is mindful that this proceeding comes at the eleventh hour in the administration of this case. The Trustee has already filed the Final Audit papers in this case on June 14, 1993, pursuant to an Order which extended a prior filing deadline of May 3, 1993, which was established only after a colloquy with the Trustee's counsel. The Trustee did not emphasize the pendency of this proceeding as a basis for extending the time for filing his audit papers. By way of contrast, the Final Audit papers are not due to be filed in the *UMC* Case until December 31, 1993.

This court is therefore not ruling that the Trustee has vigilantly pursued this action, nor that limitations or laches have not run against the Trustee's § 723 claims under other applicable law. In the Motions and the subsequent briefing, neither the Trustee nor the Defendants have suggested what limitations period applies under other applicable law, nor have they analyzed when the Trustee's § 723 action would have accrued under any applicable law.

Nor have they identified any potential "other applicable law." We are not prepared to rule on these issues, especially as there does not appear to be any specific limitations applicable to comparable Pennsylvania state-law causes of action under its partnership law.[4]

What we are prepared to hold is that the § 546(a)(1) "statute of repose" does not bar this action. That is the only issue raised by the Defendants in the Motions before us. Accordingly, an Order denying the Motions will be entered.

---

**4.** At the oral argument on July 27, 1993, the Defendants' counsel suggested that the applicable limitations period was the Pennsylvania four-year limitation on contracts or implied contracts set forth in 42 Pa.C.S. § 5525, and that such actions would accrue at the time that the Debtor entered into contracts with its creditors. The suggestion regarding the accrual date seems unlikely because it is unclear that creditors would have knowledge of any potential deficiency of the Debtor's assets at that juncture. *See Vernau v. Vic's Market, Inc.,* 896 F.2d 43, 46 (3rd Cir.1990); and *Numedco, supra,* slip op. at *3 (cause of action accrues only when facts giving rise to it are known or could have been discovered with reasonable vigilance by the plaintiff).