In The Matter of ASTROLINE COMMU-
NICATIONS COMPANY LIMITED
PARTNERSHIP, Debtor.

Martin W. HOFFMAN, Trustee, Plaintiff,

v.

Richard P. RAMIREZ; WHCT Manage-
ment, Inc.; Thomas A. Hart, Jr.; Astro-
line Company; Astroline Company, Inc.;
Herbert A. Sostek; Fred J. Boling, Jr.;
Richard H. Gibbs; Randall L. Gibbs;
Carolyn H. Gibbs, Richard Goldstein,
Edward A. Saxe, and Alan Tobin, as Co–
Executors of the Estate of Joel A. Gibbs;
Robert Rose and Martha Gibbs Rose,
Defendants.

Bankruptcy No. 2–88–01124.
Adv. No. 2–93–2220.

United States Bankruptcy Court,
D. Connecticut.

Dec. 2, 1993.

John B. Nolan, Steven M. Greenspan, and
Gary M. Becker, Day, Berry & Howard,
Hartford, CT, for trustee-plaintiff.

Robert A. Izard, Jr. and Louise Van Dyck,
Robinson & Cole, Hartford, CT, for Astroline
Co., Astroline Co., Inc., Herbert A. Sostek,
Fred J. Boling, Jr., Richard H. Gibbs, and
Randall L. Gibbs, defendants.

Michael J. Durrschmidt, Robinson & Cole,
Hartford, CT, for Randall L. Gibbs, defen-
dant.

Ben M. Krowicki, Bingham, Dana & Gould,
Hartford, CT, for Carolyn H. Gibbs, Richard
Goldstein, Edward A. Saxe, and Alan Tobin,
as Co-executors of the Estate of Joel A.
Gibbs, defendants.

Lewis K. Wise, Rogin, Nassau, Caplan,
Lassman & Hirtle, Hartford, CT, for Robert
Rose and Martha Gibbs Rose, defendants.

Matthew D. Gordon, Skelley Rottner P.C.,
Hartford, CT, for Richard P. Ramirez, defen-
dant.

*RULING ON WHETHER PROCEEDING
IS CORE PROCEEDING*

ROBERT L. KRECHEVSKY, Chief
Judge.

I.

*ISSUE*

The trustee for Astroline Communications
Company Limited Partnership, the debtor in

this chapter 7 case, filed an adversary proceeding against various entities seeking to recover any deficiency in the assets of the debtor to pay in full the claims of its creditors. The trustee alleges in his complaint that the court has jurisdiction over the proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and that the proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E), (F), (H), and (K).[1] Certain defendants (hereinafter the "movants") admit that this court has jurisdiction over the proceeding, but they deny that this is a core proceeding and do not consent to the court's entry of final orders or judgments. The issue determined by this ruling is whether this proceeding is a core proceeding in which this court can enter final orders and judgments without the movants' consent or is a proceeding that is otherwise related to a case under title 11. *See* 28 U.S.C. § 157(b)(3).[2]

## II.

### BACKGROUND

The debtor, a limited partnership organized under the laws of the Commonwealth of Massachusetts, was the owner and operator of a television station broadcasting in the Hartford, Connecticut area. On October 31, 1988, an involuntary chapter 7 petition was filed against the debtor. The debtor consented to an order for relief and converted the case to one under chapter 11. The court, on April 9, 1991, reconverted the case to one under chapter 7 upon motion of the creditors' committee.

The present complaint, filed on June 10, 1993, alleges that three of the defendants, Richard P. Ramirez ("Ramirez"), WHCT

Management, Inc. ("WHCT"), and Thomas A. Hart, Jr. ("Hart") are the present or former general partners of the debtor; that Astroline Company ("Astroline"), a Massachusetts limited partnership, Astroline Company, Inc. ("Astroline Inc."), a Massachusetts corporation to which Astroline transferred its interest in the debtor two days after the involuntary petition was filed, and Robert Rose and Martha Gibbs Rose (the "Roses") are entities holding limited partnership interests in the debtor; that four individual defendants, Herbert A. Sostek, Fred J. Boling, Jr., Richard H. Gibbs, and Randall L. Gibbs (together, the "individual defendants") are shareholders, officers, and directors of WHCT and Astroline Inc. and are general and limited partners of Astroline. The complaint also names as defendants Carolyn H. Gibbs, Richard Goldstein, Edward A. Saxe, and Alan Tobin in their capacity as co-executors of the estate of Joel A. Gibbs (the "Estate"), which was, at relevant times, a stockholder in WHCT and Astroline Inc. and a limited partner in Astroline.

The complaint contains four counts, each asserting a separate basis for the liability of certain of the defendants to satisfy the deficiency in the estate's property to pay in full the debtor's creditors (the "deficiency"). Count I asserts that Astroline, Astroline Inc., and the Roses (the limited partners of the debtor) are liable under Massachusetts limited partnership law as if they were general partners of the debtor because of the degree of management control they exercised over the debtor.[3] Count I refers to Bankruptcy Code § 723 as a basis for recovery of the deficiency.[4]

---

1. In his brief arguing that this proceeding is a core proceeding, the trustee revises the categories within which this proceeding falls, asserting that this proceeding should be categorized as core under § 157(b)(2)(A), (E), and (O).

2. Section 157(b)(3) provides:
    The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.

28 U.S.C. § 157(b)(3).

3. Massachusetts limited partnership law provides that if a limited partner
    participates in the control of the business ..., he is liable ... to persons who transact business with the limited partnership reasonably believing, based upon the limited partner's conduct, that the limited partner is a general partner.
    Mass.Gen.L. ch. 109, § 19(a).

4. Section 723 provides, in pertinent part:
    (a) If there is a deficiency of property of the estate to pay in full all claims which are al-

Count II alleges that Astroline's name was used by the debtor in such a way that creditors did not have actual knowledge that Astroline was not a general partner. Citing Massachusetts limited partnership law,[5] the trustee contends this assertion makes Astroline, Astroline Inc., and the individual defendants liable under § 723 as if they were general partners of the debtor.

Count III seeks recovery under § 723 of the deficiency from the general partners of the debtor—WHCT, Hart, and Ramirez.

Count IV asserts a cause of action whereby the trustee seeks to disregard the corporate form of WHCT and hold the shareholders, officers, and directors of WHCT directly liable for any deficiency for which WHCT would be liable under § 723 as a general partner of the debtor. This count seeks recovery from the individual defendants, the Estate, and Astroline as current or former shareholders, officers, and directors of WHCT.

## III.

### ARGUMENTS OF THE PARTIES

The trustee and the movants have submitted briefs on the issue of whether Counts I, II, and IV of the complaint constitute core proceedings.[6] The trustee initially argues that this proceeding is a core proceeding arising under the Bankruptcy Code because it is brought pursuant to § 723. Trustee's Brief at 5–7. In the alternative, the trustee argues that this is a core proceeding arising in a case under the Bankruptcy Code because it concerns (a) the administration of the estate, (b) a proceeding to turn over property of the estate, or (c) the liquidation of the estate's assets and the adjustment of the debtor-equity holder relationship.[7]

The movants argue that this proceeding, while related to the underlying bankruptcy case, is not a core proceeding arising under Code § 723 because § 723 states a cause of action only against general partners, not against limited partners or for piercing a corporate veil. The movants also dispute the trustee's characterization of § 723 as an independent federal cause of action and argue instead that § 723 is merely an "enabling statute." Movant's Brief at 9–11.

The movants deny the proceeding concerns estate administration, or seeks a turnover of estate property, and they argue that this proceeding cannot be considered as one affecting the adjustment of the debtor-equity

---

lowed in a case under this chapter concerning a partnership and with respect to which a general partner of the partnership is personally liable, the trustee shall have a claim against such general partner for the full amount of the deficiency.

(b) To the extent practicable, the trustee shall first seek recovery of such deficiency from any general partner in such partnership that is not a debtor in a case under this title. Pending determination of such deficiency, the court may order any such partner to provide the estate with indemnity for, or assurance of payment of, any deficiency recoverable from such partner, or not to dispose of property. 11 U.S.C. § 723.

**5.** *See* Mass.Gen.L. ch. 109, § 19(d), which provides:

A limited partner who knowingly permits his name to be used in the name of the limited partnership ... is liable to creditors who extend credit to the limited partnership without actual knowledge that the limited partner is not a general partner.

**6.** None of the other appearing defendants have submitted memoranda, and each of their answers to the complaint do not comply with the requirements of Fed.R.Bankr.P. 7012(b) (a responsive pleading shall admit or deny an allegation that the proceeding is core or non-core, and if claimed non-core whether the party consents to entry of final orders or judgments). WHCT and Hart have failed to appear in this proceeding.

**7.** 28 U.S.C. § 157(b)(1) and (b)(2)(A), (E), (O) read as follows:

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

(2) Core proceedings include, but are not limited to—

(A) matters concerning the administration of the estate;

(E) orders to turn over property of the estate;

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

security holder relationship because the trustee's claim "is beyond the scope of the traditional limited partner-limited partnership contractual relationship." *Id.* at 12.

## IV.

### *DISCUSSION*

#### A.

The Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAFJA") was enacted in response to the Supreme Court's decision in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Marathon held that Congress' grant of jurisdiction under the Bankruptcy Act of 1978 to non-Article III bankruptcy courts over prepetition state-law contract claims asserted by the debtor against a nondebtor was unconstitutional.[8] BAFJA's jurisdictional grant to federal courts over bankruptcy matters is presently set forth in 28 U.S.C. §§ 1334 and 157.

Section 1334 provides that the "district courts shall have original and exclusive jurisdiction of all cases under title 11" and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a), (b). Section 157 provides the jurisdictional foundation for the bankruptcy courts. Under § 157(a), the district

courts may refer to the bankruptcy courts bankruptcy cases or proceedings over which the district court has jurisdiction.[9]

Congress attempted to cure the constitutional defects noted by *Marathon* by restricting the bankruptcy courts' authority to enter final orders and judgments, except by consent, in certain types of actions comparable to the private, state-law claim at issue in *Marathon.* Relying on language from the *Marathon* opinion that it was constitutional for bankruptcy courts to make final decisions in matters concerning "the restructuring of debtor-creditor relations, which is at the core of federal bankruptcy power," *Marathon,* 458 U.S. at 71, 102 S.Ct. at 2871, Congress granted the bankruptcy courts authority in § 157(b)(1) to enter final orders or judgments in bankruptcy proceedings termed "core."[10] The bankruptcy courts' actions in these matters are appealable to the district court in the same manner as an appeal is taken to the circuit courts from a district court decision.[11]

In proceedings that are "non-core" but are otherwise related to a bankruptcy case, bankruptcy courts, absent consent of the parties, may only submit proposed findings of fact and conclusions of law to the district court, which the district court reviews and thereafter enters final orders.[12] It

---

**8.** *See Thomas v. Union Carbide Agric. Prods. Co.,* 473 U.S. 568, 584, 105 S.Ct. 3325, 3334, 87 L.Ed.2d 409 (1985) ("The Court's holding in [*Marathon*] establishes only that Congress may not vest in a non-Article III court the power to adjudicate, render final judgment, and issue binding orders in a traditional contract action arising under state law, without consent of the litigants, and subject only to ordinary appellate review.").

**9.** Section 157(a) provides:
Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
28 U.S.C. § 157(a).

**10.** *See* 28 U.S.C. § 157(b)(1), *supra* note 7.

**11.** Section 158(a) and (c) provide, in pertinent part:
(a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with

leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.
(c) An appeal under [§ 158(a)] shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts. . . .
28 U.S.C. § 158(a), (c).

**12.** Section 157(c) provides:
(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.
(2) Notwithstanding the provisions of [§ 157(c)(1)], the district court, with the consent of all the parties to the proceeding, may

is the bankruptcy court which in the first instance determines whether a proceeding is core or noncore. *See* 28 U.S.C. 157(b)(3), *supra* note 2.

For a proceeding to be a core proceeding, it must arise under title 11 or arise in a case under title 11. Proceedings arising under title 11 are those which " 'involve a cause of action created or determined by a statutory provision of title 11.' " *In re Goodman,* 991 F.2d 613, 616 (9th Cir.1993) (quoting *In re Wood,* 825 F.2d 90, 96 (5th Cir.1987)). A proceeding arising in a case under title 11 " 'refer[s] to those administrative matters that arise *only* in bankruptcy cases. In other words, arising in proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of bankruptcy.' " *Id.* at 617 (quoting *Wood,* 825 F.2d at 97) (internal quotations omitted).[13] In general, then,

> [c]ore proceedings include matters which were traditionally deemed inherently within the bankruptcy courts' jurisdiction.

Noncore proceedings involve disputes over rights that, in distinction, have little or no relation to the Bankruptcy Code, do not arise under the federal bankruptcy law and would exist in the absence of a bankruptcy case.

> ... "The relevant inquiry is whether the nature of this adversary proceeding, rather than the state or federal basis for the claim, falls within the core of federal bankruptcy power."

*J. Baranello & Sons, Inc. v. Baharestani (In re J. Baranello & Sons, Inc.),* 149 B.R. 19, 24 (Bankr.E.D.N.Y.1992) (citations omitted) (quoting *In re Manville Forest Prods. Corp.,* 896 F.2d 1384, 1389 (2d Cir.1990)). If a claim is not listed explicitly in § 157(b)(2) as

a core proceeding, courts " 'consider[ ] factors such as whether the rights involved exist independent of title 11, depend on state law for their resolution, existed prior to the filing of a bankruptcy petition, or were significantly affected by the filing of the bankruptcy case.' " *Goodman,* 991 F.2d at 617 (quoting *In re Cinematronics, Inc.,* 916 F.2d 1444, 1450 n. 5 (9th Cir.1990)).

### B.

Each bankruptcy court ruling located that deals with § 723(a) matters has either explicitly or inferentially, but without extended discussion, found such matters to constitute core proceedings. *See Marshack v. Mesa Valley Farms L.P. (In re The Ridge II),* 158 B.R. 1016, 1019 (Bankr.C.D.Cal.1993) (Section 723 "matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and § 157(b)(2)(E)."); *Kipperman v. Yousif (In re Miramar Mall Limited Partnership )*, 152 B.R. 631, 632 (Bankr.S.D.Cal.1993) (Section 723(a) "matter is a core proceeding under § 157(b)(2)(A) and (O)."); *McGraw v. Betz (In re Bell & Beckwith),* 112 B.R. 863, 868 (Bankr.N.D.Ohio 1990) (Section 723 proceeding is a core proceeding because the proceeding arises under title 11 and concerns the administration of the estate, an order to turn over property of the estate, or the adjustment of the debtor-equity security holder relationship); *Wilkey v. Inter–Trade, Inc. (In re Owensboro Distilling Co.),* 108 B.R. 572, 574 (Bankr.W.D.Ky.1989) (Section 723 "falls squarely within the core proceeding confines of 28 U.S.C. § 157(b)(2)(O) ....."). *Cf. Miller v. Spitz (In re CS Assocs.) (Spitz II),* 160 B.R. 899 (Bankr.E.D.Pa.1993) (entering final judgment in § 723 action).

▮▮▮ I conclude that the present matter is a core proceeding because it arises under the Bankruptcy Code. Congress has in

---

refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. § 157(c).

**13.** *See also Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.,* 973 F.2d 474, 483 (6th Cir. 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1046, 122 L.Ed.2d 355 (1993) ("A core proceeding either invokes a substantive right created by fed-

eral bankruptcy law or one which could not exist outside of bankruptcy."); *In re Marcus Hook Dev. Park, Inc.,* 943 F.2d 261, 267 (3d Cir.1991) (same); *In re Gardner,* 913 F.2d 1515, 1518 (10th Cir.1990) ("Core proceedings are proceedings which have no existence outside of bankruptcy. Actions which do not depend on the bankruptcy law for their existence and which could proceed in another court are not core proceedings." (citations omitted)).

§ 723 created a federal cause of action for a chapter 7 trustee to compel contributions from general partners of insolvent partnership estates.[14] While some states, like Massachusetts, may have enacted similar provisions granting partnerships and their creditors the right to compel contributions, *see* Mass.Gen.L. ch. 108A, §§ 15, 40, ch. 109, §§ 19, 24, not every state has done so, and a trustee, as here, may rely on the federal statute. The fact that it is necessary to refer to state law in litigating under § 723 is not determinative on the core issue. *See* 28 U.S.C. § 157(b)(3) ("A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law."). Proceedings whose basis lies within the Code may be considered core proceedings under the *Marathon* rationale because "when Congress creates a substantive federal right, it possesses substantial discretion to prescribe the manner in which that right may be adjudicated—including the assignment to an adjunct of some functions historically performed by [Article III] judges." *Marathon* 458 U.S. at 80, 102 S.Ct. at 2876. *See* 11 U.S.C. § 541(a)(3) (property of the estate includes property the trustee recovers under § 723). *Cf. Miller v. Spitz (In re CS Assocs.) (Spitz I)*, 156 B.R. 755, 758 (Bankr.E.D.Pa. 1993) (Unlike Code §§ 544, 545, 547, 548, and 553 which involve causes of action arising from prepetition actions, "a § 723 action cannot accrue until after a trustee has been appointed and determines that a deficiency in

assets exists, for which a claim can be made against the partners.").

Counts I, II, and IV contain causes of action seeking, in effect, to have limited partners and others held liable as general partners because the limited partners acted as general partners. Section 723(a) facially applies solely to general partners, but at least one court has held that § 723 is the vehicle through which limited partners who act as general partners may be held liable to a chapter 7 trustee, notwithstanding the application of state law. In *In re The Ridge II*, the trustee attempted, as the trustee is trying to do in this proceeding, to make limited partners generally liable because of the degree of control the limited partners exercised over the debtor partnership. The court there, while dismissing the trustee's claims on the merits, analyzed the trustee's evidence for making the limited partners generally liable under § 723(a) to satisfy any deficiency. *In re The Ridge II*, 158 B.R. at 1023–24.

■ Even if § 723 were not available to the trustee in pursuing limited partners who have acted as general partners, the trustee may rely on the "strong arm" clause of Bankruptcy Code § 544.[15] Clearly, a creditor of a limited partnership can make such claims against limited partners under state law, and § 544 clothes the trustee with such creditor's powers. *See Litchfield Co. of South Carolina Limited Partnership v. Anchor Bank (In re Litchfield Co. of South Carolina Limited Partnership)*, 135 B.R. 797, 803 n. 6

14. Some legislative history indicates that Congress intended to create in § 723 a right of action belonging solely to the trustee, as opposed to the debtor partnership itself or its creditors, with which the trustee may compel contributions by the debtor's partners to the extent they are personally liable for partnership debts and obligations. The House Report discusses a trustee's § 723 powers as "additional rights" distinct from any causes of action that might be held by the partnership or its creditors according to state partnership law:

If all of the property of the partnership's estate is insufficient to satisfy in full all claims allowed in the case concerning the partnership, then the partnership *trustee* has additional rights under [§ 723]....

... Section 40 of the Uniform Partnership Act gives the *partnership* a right to compel

contributions from the partner's [sic], but the lien under [§ 544(a)] is only on the chose in action, not on the property directly. The chose in action passes to the estate of the partnership under [§ 541(a)], and an additional action on behalf of partnership *creditors* against the partners will usually lie under [§ 544(c)].... In this connection it is important to note the difference between the *rights* of action being discussed.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 199–200 (1977) U.S.Code Cong. & Admin.News 1978, p. 6159.

15. Section 544(a)(1) grants the trustee "the rights and powers of" a hypothetical judicial lien creditor as of the commencement of the case. 11 U.S.C. § 544(a)(1).

(W.D.N.C.1992) (Under South Carolina law assignee for benefit of creditors has right to enforce contributions from partners, and under "Code § 544(a)(1), the trustee stands in the shoes of such a person and thus can enforce such rights for the benefit of all creditors."). In either event, therefore, the trustee's causes of action arise under the Code and constitute core proceedings.[16]

## V.

### CONCLUSION

The Second Circuit has construed BAFJA to grant to the bankruptcy courts final jurisdiction over core proceedings to the fullest extent constitutionally permitted. *See In re Ben Cooper*, 896 F.2d 1394, 1398 (2d Cir.) (adopting the First Circuit's analysis of legislative history " 'that Congress intended that core proceedings would be interpreted broadly, close to or congruent with constitutional limits.' ") (quoting *In re Arnold Print Works, Inc.*, 815 F.2d 165, 168 (1st Cir.1987)), *cert. granted*, 497 U.S. 1023, 110 S.Ct. 3269, 111 L.Ed.2d 779, *vacated and remanded*, 498 U.S. 964, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1991). With this principle in mind, although the movants' arguments for why this matter is non-core are not insubstantial, the court determines that Counts I, II, and IV constitute core proceedings because they involve causes of action created and determined by a statutory provision of title 11. It is

SO ORDERED.

---

16. This conclusion makes it unnecessary to deal with the trustee's additional claims involving § 157(b)(2)(A), (E), and (O).