` In re EAST HILL MANUFACTURING
CORP.

John R. SMITH

v.

EAST HILL MANUFACTURING CORP.

EAST HILL MANUFACTURING CORP.

v.

John R. SMITH.

EAST HILL MANUFACTURING CORP.

v.

BUILT–RITE MFG. INC.

Misc. No. 1:96MC40.

United States District Court,
D. Vermont.

Sept. 19, 1996.

Bernard M. Lewis, Bethel, VT, for John R. Smith.

Jess Schwidde, Rutland, VT, for East Hill Mfg.

Kevis Purcell, Trustee, Albany, NY.

### RULING ON RENEWED MOTION TO WITHDRAW REFERENCE
(paper 9)

MURTHER, Chief Judge.

*Background*

The movant and Chapter 11 debtor-in-possession, East Hill Manufacturing Corp. (hereinafter "EHMC"), manufactures wood-splitting and wood-processing equipment. Although it is not completely clear on the record presently before the Court, it appears the above-captioned dispute involves EHMC's claim that John R. Smith violated a non-competition agreement with EHMC when Smith created a competitor-company, Built–Rite Mfg. Inc. The parties have requested a jury trial. EHMC maintains this

adversary proceeding contains non-core claims which cannot be tried by a jury in the Bankruptcy Court. Therefore, EHMC seeks a withdrawal of the reference to the Bankruptcy Court.

Under 28 U.S.C. § 157(b)(3), the Bankruptcy Court first determines whether a proceeding is core or non-core. *See In re Astroline Communications Co. Ltd. Partnership,* 161 B.R. 874, 875 (Bankr.D.Conn.1993). Accordingly, on July 11, 1996, the Court denied EHMC's first Motion for Withdrawal of Reference without prejudice because the movant had not given the Bankruptcy Court an opportunity to rule on the question of whether the above-captioned matter is a core proceeding.

On August 23, 1996, United States Bankruptcy Judge Charles J. Marro found EHMC's claims are core and that, by its pleadings, EHMC had consented to the jurisdiction of the Bankruptcy Court. He explained:

This controversy arises from an adversary proceeding No. 96–1022 with John R. Smith as Plaintiff versus EHMC as defendant, in which EHMC, debtor-in-possession, filed an answer with affirmative defenses on May 17, 1996 and a First Amended Counterclaim and Third–Party Claim on June 3, 1996. In both pleadings it alleges under numbered paragraph 4 the following:

This court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 157, 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1408; 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A); (b)(2)(c); (b)(2)(E); (b)(2)(O) and the Federal Rules of Bankruptcy Procedure Rules 7001(1); 7001(7); 7001(9); 7008 and 7012.

The adversary proceeding was commenced by plaintiff, John Smith, against the debtor, EHMC, as defendant under a complaint for declaratory judgment regarding a non-compete agreement between Smith and the debtor which the debtor contends in its First Amended Counterclaim was entered into on or about June 5, 1991 and was breeched [sic] post-petition.

The plaintiff, John Smith, in his complaint for a declaratory judgment filed on April 18, 1996 alleges under paragraph 2:

The court has jurisdiction over this Adversary Preceding [sic] pursuant to 28 U.S.C. § 157, 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

The court deems it extremely strange that EHMC as debtor-in-possession led the court to believe that it had jurisdiction over this matter as a core proceeding from the date of the filing of the complaint on April 18, 1996 through the dates of its filing of an answer with affirmative defenses on May 17, 1996 and of its First Amended Counterclaim on June 3, 1996 up to July 12, 1996 when it request a withdrawal of the reference and a 28 U.S.C. § 157(b)(3) determination on whether its counterclaims and third-party claims are core or non-core.

.    .    .    .    .

The debtor expressly recognized the jurisdiction of this court over this adversary proceeding as core both in its answer filed on May 7, 1996 and in its first Amended Counterclaim and Third–Party Claim filed June 3, 1996. Further, it explicitly set forth the sub-paragraphs of 28 U.S.C. § 157 under which they were core proceedings, i.e., (b)(2)(A); (b)(2)(C); (b)(2)(E); and (b)(2)(O).

It was not until July 12, 1996, after, by its prior conduct, it had consented to the court's jurisdiction over the claims as core, that it filed its request for a 28 U.S.C. § 157(b)(3) determination of its counterclaims and third-party claims as core or non-core and for a withdrawal of reference.

*In re East Hill Manufacturing Corporation,* Case No. 94–10626 (A.P. No. 96–1022), Memorandum Of Decision and Order, slip op. at 2–4 (Bankr.D.Vt. August 23, 1996).

EHMC again asks the Court to withdraw reference of the above-captioned adversary proceeding. For the reasons set forth below, the Renewed Motion to Withdraw Reference is DENIED.

*Discussion*

EHMC does not dispute Judge Marro's findings as such. Rather, EHMC argues Judge Marro erroneously concluded this action only contains core issues. To support this proposition, EHMC argues it denied John Smith's allegation in his April 18, 1996 complaint that the instant dispute is core, a fact which Judge Marro ostensibly ignored.

In relevant part, 28 U.S.C. § 157(d) provides: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for good cause shown." "Sufficient cause exists where there is an overriding interest based on a finding by the court that the withdrawal of reference is essential to preserve a higher interest than that recognized by Congress and is narrowly tailored to serve that interest." *Vista Metals Corp. v. Metal Brokers International, Inc.*, 161 B.R. 454, 456 (E.D.Wis.1993) (citation and quotations omitted).

■ When determining a motion to withdraw a reference, the Court should first determine whether the claim is core or non-core. *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir.1993), *cert. dismissed,* — U.S. ——, 114 S.Ct. 1418, 128 L.Ed.2d 88 (1994). "[O]nce a district court makes the core/non-core determination, it should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Id.*

■ EHMC's reliance on Judge Marro's "misstatement of the procedural posture of this proceeding," unaccompanied by any other discussion of any relevant issue, hardly supplies this Court with the information it needs to make the requested determination. The movant had failed to supply the Court with a copy of Smith's complaint. However, EHMC's Counterclaim (Bankruptcy Court paper 8–2) simply seeks to enforce the same contract Smith alleges is unenforceable. Accordingly, common sense suggests that EHMC's admission that its counterclaims are core should be dispositive. Such inadequate

briefing, in and of itself, provides a reason to deny the relief requested. *Cf. First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 772 (2d Cir.1994) ("[C]ourts do not accept conclusory allegations on the legal effect of the events plaintiff has set out if these allegations do not reasonably follow from his description of what happened.") (citations and quotations omitted). In short, EHMC has not shown sufficient cause for withdrawing the reference of the instant adversary proceeding.

■ Moreover, "[t]he Second Circuit has construed [The Bankruptcy Amendments and Federal Judgeship Act of 1984] to grant to the bankruptcy courts final jurisdiction over core proceedings to the fullest extent constitutionally permitted." *In re Astroline Communications*, 161 B.R. at 880. Here, it appears that Smith is seeking a declaratory relief relating to a non-competition agreement which prohibits the use of EHMC's proprietary information. *See* Paper 10, Exhibit B at 2; EHMC Answer (Bankr.Ct. Paper 8–1) at paras. 11, 12. It seems a declaratory judgment action relating to a non-competition agreement falls within the Bankruptcy Court's core jurisdiction in that it requires the Bankruptcy Court to consider the status of an intangible asset of the estate. *See* 11 U.S.C. § 541; *United States v. Inslaw, Inc.*, 932 F.2d 1467, 1471 (D.C.Cir.1991), *cert. denied,* 502 U.S. 1048, 112 S.Ct. 913, 116 L.Ed.2d 813 (1992) (The estate includes "causes of action that belong to the debtor, as well as the debtor's intellectual property, such as interests in patents, trademarks and copyrights.")

■ Unlike some circuits, the Second Circuit has determined that jury trials in core proceedings in the Bankruptcy Court do not violate Article III. *In re Ben Cooper, Inc.*, 896 F.2d 1394, 1403–04 (2d Cir.), *vacated,* 498 U.S. 964, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990), *judgment reinstated,* 924 F.2d 36 (2d Cir.), *cert. denied,* 500 U.S. 928, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1991); *compare In re Orion Pictures Corp.*, 4 F.3d 1095 at 1101 (holding that the Constitution prohibits bankruptcy courts from holding jury trials in non-core matters) *with In re Stansbury Poplar Place, Inc.*, 13 F.3d 122, 126–128 (4th Cir.

538

1993) (bankruptcy court unauthorized to hold any jury trials). It is true that, in *Orion*, the Second Circuit held that the Bankruptcy Court lacks core jurisdiction over a pre-petition contract dispute where the defendant had not filed a proof of claim. 4 F.3d at 1098–99. However, the instant matter is distinguishable in that the contract at issue, while entered into pre-petition, was allegedly breached post-petition. Under similar circumstances, other courts have found an adversary proceeding based on a post-petition breach is core. *See In re United States Lines, Inc.*, 169 B.R. 804, 819 (Bankr. S.D.N.Y.1994) ("[A] number of courts have held that postpetition breach of contract actions are core proceedings because they concern the administration of the estate."); *In re Nutri/System, Inc.*, 159 B.R. 725, 727 (Bankr.E.D.Pa.1993) (Post petition conduct is core because it concerns post-petition conduct and thus relates to administration of estate.); *In re St. Mary Hospital*, 117 B.R. 125, 131 (Bankr.E.D.Pa.1990) ("[T]his proceeding is core ... because it clearly relates to a cause of action which arose in the course of post-petition administration of the Debtor's case.").

Because this a core proceeding, the Bankruptcy Court may hold a jury trial. Moreover, given the length of time which the debtor's bankruptcy has been pending in the Bankruptcy Court, the action can most expeditiously and economically be resolved in that court. *See Vista Metals*, 161 B.R. at 456–57. Accordingly, the Renewed Motion to Withdraw Reference is DENIED.

SO ORDERED.